# ADAM KNAPP *et al.*

*v.*

# GEORGE GASS *et al.*.

1. PARTITION—*decree of sale should require two-thirds of appraised value to be bid.* Where a sale of premises sought to be partitioned, is ordered, on the report of commissioners that partition can not be made without prejudice to the interest of the parties, the court should further order that they shall not be sold unless two-thirds of their appraised value be bid, or a greater sum, and it is error to order a sale without such provision.

2. SAME—*report should show that commissioners viewed the land, or had personal knowledge.* In a proceeding for partition, it is necessary that the report of the commissioners should show that they went upon the land, or that they had such a personal knowledge of it as to make a personal examination unnecessary.

3. SAME—*decree should find the interests of all the parties.* The statute requires the court, in decreeing a partition of lands, to ascertain and find in its decree the respective interests of all the parties.

4. SAME—*right of homestead as against.* It seems, where the premises sought to be partitioned by the heirs were occupied by the ancestor at the time of his death, as a homestead, and such occupation is continued by his widow, that she is entitled to a homestead therein to the value of $1000 as against the heirs in such proceeding.

5. CHANCERY PRACTICE—*hearing on bill and answer.* On bill for partition by certain heirs against the widow and other heirs of a common ancestor, the widow, in her answer, stated that "she is entitled to her dower in the premises as well as homestead." The cause was heard without replication, and a decree of partition rendered, in which the claim of homestead was not noticed or passed upon: *Held,* that the answer on the hearing must be taken as true, and that the allegation of a homestead right was sufficient.

6. HOMESTEAD—*must contribute to dower.* Where a widow is entitled to dower in premises of which partition is sought, and also to a homestead right therein, the latter must contribute to the dower as well as the other interests.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. WINKELMAN & SNYDER, for the plaintiffs in error.

Mr. JAMES F. DILL, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery in the St. Clair circuit court, for partition and assignment of dower. The parties complainant were George Gass and Margaret Gass, the last named a daughter of Christopher Knapp, deceased. The defendants were Anna Maria Knapp, the widow, and Adam Knapp, a minor, John Knapp, an adult, and others, children of the deceased.

A guardian *ad litem* was appointed for the infant defendant, who filed the usual answer in such cases. The widow put in her answer, claiming dower and homestead in the premises. The other defendants made default. No replication was put in to the answers.

The court decreed that the dower of the widow be set off to her, and partition made according to the respective interests of the parties, and commissioners were appointed to carry the decree into effect.

The commissioners reported they were unable to set apart the widow's dower, and could not make partition of the land without prejudice to the interest of the parties, and they further reported that the land, being sixty-two 38-100 acres in the northwest corner of section five, in town one south, range seven west, was of the value of three thousand seven hundred and fifty-two 80-100 dollars.

This report being approved by the court, a jury was impanelled to assess the yearly value of the widow's dower in this land, and they estimated the same at fifty dollars; whereupon the court decreed the same a lien on the premises, and to be paid on the first days of January and July of each year during the natural life of the widow. The court further ordered a sale of the land at public auction to the highest bidder, subject to this lien, fifteen per cent of the purchase money

to be paid in cash, and the balance in six and twelve months, secured by note, and mortgage on the premises.

The decree also required the sale to be made by the master in chancery, and he was required, on receipt of the purchase money, to pay the costs and charges attending the suit and the sale, "and then pay to the said Anna Maria Knapp, as administratrix," a sum sufficient to pay the debts of the estate, "which may remain after the exhaustion of the personal property belonging to the estate, and distribute and pay over the balance to the parties to this suit in proportion to their respective interests as fixed by the decree."

From this decree a writ of error is prosecuted by the defendants, who make the point that the court, in directing a sale of the land, did not direct that it should not be sold unless two-thirds of its value, as reported by the commissioners, was bid therefor.

That this point is well taken is shown by section 2 of the act of 24th March, 1869, which is as follows: If the commissioners in their report state that the premises can not be divided without manifest prejudice, etc., they shall also state in their report the value of the premises under oath, "and the court, in directing the sale of the premises as is now provided by law, shall further order that said premises shall not be sold unless two-thirds the value specified in the commissioners' report be bid for the premises at the sale thereof, or some other sum be bid therefor greater than two-thirds of the value thereof, as the court, in its discretion, may order." Sess. Laws 1869, p. 368.

The order of sale authorizes the master in chancery to sell the premises at public auction to the highest bidder. The policy of the statute is too obvious to require comment, and its terms are mandatory—the court shall further order that the premises shall not be sold unless two-thirds of their appraised value is bid, or a greater sum. The order in question directs the premises to be sold at public auction for what they will fetch, no matter how disproportionate to their real value.

It is no sufficient answer to this point to say that the court, on the coming in of the master's report of the sale, will not approve it unless it shall appear therefrom the bid was equal to two-thirds of the appraised value of the premises sold. These reports are made usually in a very informal manner, not attracting the public attention, and unless the notice of the court is specially called, the fact might escape observation. And beside this, if a sale be made contrary to the statute, and so appearing from the report, it but increases costs, expenses and delay in ordering a re-sale. It is always safest and best, in such and in all cases, to conform to the requirements of the statute.

Another point made by plaintiffs in error is, that it does not appear from the report of the commissioners that they went upon the land, or that they had such knowledge of it as to render a personal examination unnecessary.

The statute is explicit on this point: "The commissioners shall go upon the premises," etc., (*Tibbs et al. v. Allen*, 27 Ill. 119,) unless they have personal knowledge of the premises.

Another objection to the decree is, that the court did not ascertain from the evidence on the default of the adult defendants, nor by confession in the answers of those who appeared, and declare therefrom the rights, titles and interests of all the parties. Section 8 of the Revised Statutes of 1845 makes these requirements, and we think they are substantially complied with by the decree, though they might have been more particularly stated. As this decree will be reversed, the subsequent one can be made more formal and particular.

The remaining question is as to the right of homestead in the widow.

The bill alleges that Anna Maria Knapp, the widow, was entitled to dower in the land, but it is not alleged the premises were the residence of the deceased at the time of his death. The widow, in her answer, says "she is entitled to her dower in the premises as well as homestead."

No replication was put in to the answer, but the cause was heard by the court and a final decree pronounced, in which the claim of a homestead is not noticed or passed upon.

It is argued now that there were no facts alleged out of which the right of homestead could arise, but a claim simply to a homestead in the premises. This word has a signification all understand. It implies the land was owned and occupied by the deceased as his home, and is so occupied by the widow. The fact she is entitled to a homestead in the premises is not put in issue by the complainant in the mode required by the rules of practice in chancery, and, by the terms of the statute, no replication having been filed, the answer must be taken as true.

Failing to reply to the claim set up in the answer is an admission by complainant that the widow had a homestead right in the premises. This being so, we are of opinion it should contribute to dower as well as the other property.

For the reasons given, the decree is reversed and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*